# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 153 - 1 | **DATE** | 1/24/2002 |
| **CASE TITLE** | USA vs. Michael Fadeyi | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached order, the Court denies defendant's motion for a new trial (106-1) and his motion to arrest judgment (101-1). The government's motions in limine, filed prior to trial, and defendant's motion to quash arrest, filed during trial, were dealt with before or during trial and are therefore terminated as moot (87-2, 78-1, and 80-1 through 10).

(11) ■ [For further detail see order attached to the original minute order.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA )
)
vs. ) Case No. 00 CR 153
)
MICHAEL FADEYI )

## MEMORANDUM OPINION AND ORDER

DOCKETED
JAN 29 2002

MATTHEW F. KENNELLY, District Judge:

After a bench trial, the Court convicted defendant Michael Fadeyi on all three counts of the superseding indictment. Count 1 alleged a conspiracy to distribute heroin between 1995 and March 1997; Count 2 alleged attempted possession of heroin with intent to distribute on March 21, 1997; Count 3 alleged distribution of approximately 50 grams of heroin on March 1, 2000. Fadeyi has moved for a new trial.

In support of his request for a new trial on Counts 1 and 2, Fadeyi has submitted affidavits from several witnesses who say that he was in Maryland on March 21, 1997 attending the Christening of his daughter. The date is significant to both Counts. Count 2 alleges that on that date, Fadeyi attempted to possess approximately 3 kilograms of heroin with intent to distribute. This same episode was also claimed to have been part of the Count 1 conspiracy. The evidence showed that on that date, the government's primary witnesses were arrested after picking up a package of heroin; they testified that they were on their way to meet with Fadeyi at a Chicago hotel to divide up the heroin. Fadeyi argues that his newly-produced alibi evidence would have made a difference in the outcome of the trial.

To warrant granting a new trial based on newly discovered evidence, a defendant must

show that the evidence was discovered since the trial, could not have been discovered earlier with due diligence, is not merely cumulative or impeaching, and would probably lead to an acquittal. *See, e.g., United States v. Lopeztegui,* 230 F.3d 1000, 1002 (7th Cir. 2000). Fadeyi has failed to show that he could not have discovered this evidence before trial if he had exercised due diligence. His only explanation for why he did not come up with the evidence sooner is that he was incarcerated and did not have access to his family, and that he and his family did not understand the importance of the March 21 date until after the Court entered judgment. This contention does not withstand scrutiny, and in any event it is insufficient to excuse the non-discovery of the evidence. First of all, the March 21 date is featured prominently in the indictment, and we have no doubt that it was referenced in the discovery material produced to the defense prior to trial. The date likewise was featured prominently at trial, thus contradicting Fadeyi's claim that he did not realize its importance until after the Court rendered its decision. Second, though Fadeyi certainly had less access to his family than if he had been free on bond, the case was pending for more than 16 months prior to trial, giving him ample time to discuss the case with his family and counsel and to consider how he should defend against the charges. In sum, Fadeyi has failed to show that he could not have discovered his alibi evidence before trial by exercising due diligence. For this reason, the Court need not address the other requirements for granting a new trial.

Fadeyi next argues that the Court mis-weighed the evidence and failed to hold the government to its burden of proof. Not so. The Court considered and weighed the evidence carefully, as we explained in rendering our decision. In doing so, we took into account the fact that several of the government's witnesses were convicted felons and drug dealers. The fact that

2

the Court might have entertained some doubts regarding the credibility of some of their testimony, however, does not preclude a conviction. We reaffirm our conclusion that the evidence proved Fadeyi's guilt beyond a reasonable doubt.

Fadeyi also argues, in a perfunctory way, that the Court should have severed Count 3 prior to trial and should have done so at the end of the government's case. The Court disagrees. Our pretrial ruling denying a severance was correct based on what was presented to the Court at the time. In that ruling, we pointed out that things might change depending on how the case was presented at trial; this was an open invitation to Fadeyi to renew his motion to sever during the trial. *See United States v. Fadeyi,* No. 00 CR 153, 2000 WL 33155618, at *5 (N.D. Ill. Dec. 21, 2000). Fadeyi did not take the Court up on this invitation. Despite this, as the Court stated in rendering its decision after the conclusion of the trial, we considered the evidence as to Count 3 separately and without regard to the evidence concerning Counts 1 and 2 (and vice-versa), and thus Fadeyi got exactly what he would have gotten had the Court granted his severance motion.

The remainder of Fadeyi's motion for new trial consists of a list of points that are not developed or elaborated upon, such as "the Court erred in overruling the objections of the Defendant during the course of the trial" and "the Court erred in sustaining the Government's objections to the Defendant's questions." Such perfunctory arguments do not merit extended discussion, and they are insufficient to warrant a new trial. The Court has considered all of Fadeyi's remaining arguments, including those in his separately-filed motion to arrest judgment, and has concluded that they are without merit.

## Conclusion

For the foregoing reasons, the Court denies defendant's motion for a new trial [docket

3

item 106-1] and his motion to arrest judgment [item 101-1]. The government's motions *in limine,* filed prior to trial, and defendant's motion to quash arrest, filed during trial, were dealt with before or during trial and are therefore terminated as moot [items 87-2, 78-1, and 80-1 through 10].

*signature*
MATTHEW F. KENNELLY
United States District Judge

Date: January 24, 2002